**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

(if-1040)

--------------------------------------------x

ALEXA GERMOSEN,

                           Plaintiff,

        -against-

HOMEGOODS, INC. and THE TJX COMPANIES,
INC.,

                        Defendants.

--------------------------------------------x

**Civil Action No.:**
1:23-cv-10451-CM

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS HOMEGOODS, INC. AND THE TJX COMPANIES, INC.'S MOTION
## TO PRECLUDE PLAINTIFF'S
## PROPOSED EXPERTS JOSEPH WEINSTEIN, D.O. AND BARRY ROOT, M.D.

SIMMONS JANNACE DELUCA, LLP
Attorneys for Defendants
HOMEGOODS, INC. and THE TJX COMPANIES, INC.
**Office & P.O. Address:**
43 Corporate Drive
Hauppauge, New York 11788
(631) 873-4888

Prepared BY:
Irina Feferman, Esq.

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ........................................ ii,iii

PRELIMINARY STATEMENT ........................................... 1

ARGUMENT ...................................................... 2

    PLAINTIFF'S PURPORTED EXPERT DISCLOSURE
    WAS UNTIMELY ............................................. 2

    PLAINTIFF'S LATE DISCLOSURE
    WAS ALSO DEFICIENT ...................................... 7

i

## TABLE OF AUTHORITIES

**PAGE**

**Cases**

Ebewo v. Martinez, 309 F.Supp 2d. 600 (S.D.N.Y 2004)
.................................................................. 6

Fund Comm'n Serv., II, Inc. v. Westpac Banking Co.,
1996 U.S.Dist. LEXIS 11937 *3 (S.D.N.Y. August 15,
1996) .................................................................. 8

Giladi v. Strauch, 2001 U.S. Dist. LEXIS 4645, at
*14(S.D.N.Y. April 16, 2001) ................................. 8

Grdinich v. Bradlees, 187 F.R.D. 77 (S.D.N.Y. 1999)
.................................................................. 6

Koppell v. New York State Bd. Of Elections, 97
F.Supp.2d 477 (S.D.N.Y. 2000) .............................. 9

LaMarca v. United States, 31 F.Supp.2d 110 (E.D.N.Y.
1998) .................................................................. 9

Reynolds v. Am. Airlines, Inc., 2017 U.S. Dist LEXIS
192822, at *17-18(E.D.N.Y. November 21, 2017) .............. 9

Ritchie Risk-Linked Strategies Trading (Ireland)
Ltd. v. Coventry First, LLC, 280 F.R.D. 147
(S.D.N.Y. 2012) ...................................................... 6

Samuels v. City of New York, 2025 U.S.Dist. LEXIS
225021 (S.D.N.Y. November 14, 2025) .......................... 8

Song v. Yao Bros. Group LP, 2012 U.S. Dist. LEXIS
62235 (S.D.N.Y. May 2, 2012) ................................. 7

St. Paul Fire & Marine Ins. Co. v. Heath Fielding
Ins. Broking Ltd., 1996 U.S. Dist. LEXIS 19847
(S.D.N.Y. January 17, 1996) ................................... 9

Williams v. County of Orange, 2005 U.S. Dist. LEXIS
46051 (S.D.N.Y. December 13, 2005) .......................... 6

**Statutes**

Rule 26(e) .............................................................. 5

Rule 37(c)(1) .......................................................... 5

**Rules**

Fed. R. Civ. P. 26(a)(2)(B) ...................................... 9

Defendants, HOMEGOODS, INC. and THE TJX COMPANIES, INC. (hereinafter "defendants"), by their attorneys, SIMMONS JANNACE DELUCA, LLP, pursuant to Federal Rules of Evidence, Federal Rules of Civil Procedure, and Local Rule 7.1 hereby submits its motion for an Order precluding plaintiff's experts, Joseph Weinstein, D.O. and Barry Root, M.D. from offering any testimony, opinions or reports in this matter; and granting such other and further relief as this Court may deem just and proper.

## PRELIMINARY STATEMENT

Pursuant to the Court's Civil Case Management Plan and subsequent extension, plaintiff was to disclose any experts on or before August 13, 2024. See ECF Doc. 13. Plaintiff attempted to designate Joseph Weinstein, D.O. as an expert witness for the first time on November 25, 2025 and Barry Root, M.D. as an expert witness for the first time on January 15, 2026. See Exhibit "F" and "H", respectively. Plaintiff's purported and belated expert disclosures were not only late but were inadequate, as they failed to include a list of cases where these physicians provided expert testimony during the last four (4) years. Id. Furthermore, plaintiff's disclosure of Dr. Weinstein was also inadequate as it failed to provide a written report or a summary containing the statement of his opinion and the basis for such opinions, merely referring his medical records. See Exhibit "F".

1

## ARGUMENT

### PLAINTIFF'S PURPORTED EXPERT DISCLOSURE WAS UNTIMELY

Plaintiff's incomplete Expert Disclosure was served extremely late. Plaintiff never requested an extension or provided an explanation for the delay. The Civil Case Management Plan ordered that Plaintiff's expert disclosures be served by June 13, 2024 and Defendants' rebuttal experts 32 days thereafter by July 15, 2024. These deadlines were subsequently extended to August 13, 2024 and September 16, 2024, respectively by Order dated May 15, 2024.

Plaintiff did not serve expert disclosures or expert reports prior to the August 13, 2024 deadline. Defendants' expert disclosures, identifying Andrew M. Bazos, M.D. and exchanging a copy of his report by the September 16, 2024 deadline.

Thereafter, on September 17, 2024, plaintiff advised that she was scheduled to undergo an unspecified procedure. Accordingly, on October 15, 2024, in light of this representation, as well as the unavailability of defendants' fact witness, the undersigned, with plaintiff's consent, requested an extension of the fact discovery deadline, as well as a new deadline to conduct a further deposition of plaintiff and exchange a further defendants' expert rebuttal report. ECF Doc. 14. There was no corresponding request made by plaintiff for additional time to exchange plaintiff's expert reports. Id. The Court granted this application on October 15,

2024, permitting the exchange of further defendants' expert rebuttal reports by December 16, 2024. ECF Doc. 15.

On November 22, 2024, in light of difficulties obtaining plaintiff's additional medical records, the undersigned requested a further extension to permit sufficient time to conduct plaintiff's further deposition and exchange defendants' expert rebuttal reports by extending such deadlines to January 16, 2025. ECF Doc. 16. This request was granted on December 3, 2025. ECF Doc. 17.

On January 6, 2025, plaintiff's counsel advised that his client underwent cervical spine surgery on December 10, 2024. In light of the surgery and the need to obtain the records of the surgical and post-surgical treatment, the undersigned requested a further extension of the deadline to conduct plaintiff's further deposition and exchange defendants' expert report to July 17, 2025. ECF Doc. 20. This request was granted on January 13, 2025. ECF Doc. 21. No request for an extension of the deadline to exchange plaintiff's experts was made or granted by the Court. Id.

On June 30, 2025, plaintiff submitted a request for an extension of the discovery deadlines to permit additional time to interview defendants' former employees, including a further extension of the deadline for plaintiff's further deposition and the exchange of defendants' expert reports. ECF Doc. 23. This request was granted on July 1, 2025, extending defendants' time to

3

exchange further defense/rebuttal experts to September 12, 2025. ECF Doc. 24. Plaintiff's request did not include a request for an extension of the long-expired deadline to submit expert reports, and no such extension was granted. ECF Doc. 23 and 24.

Pursuant to the Court's deadline, defendants exchanged a further defense / rebuttal expert, Marc Chernoff, MD on July 18, 2025.

On September 11, 2025, plaintiff submitted a further request for an extension of the discovery deadlines to permit additional time to interview defendants' former employees as well as conduct a deposition of defendants' expert. ECF Doc. 25 and 26. This request was granted on September 16, 2025. ECF Doc. 27. No request to extend plaintiff's deadline to exchange expert reports was made or granted. Id.

On November 21, 2025, pursuant to plaintiff's request, defendants' expert, Dr. Chernoff, appeared for an expert deposition.

On November 20, 2025, plaintiff's counsel advised that his client underwent a right shoulder surgery in October 2025. In light of this additional surgery, defendants requested an additional further deposition of plaintiff as well as time to submit an additional further defense/rebuttal expert report. This request was granted permitting the undersigned to do so by March 12, 2026.

4

ECF Doc. 28. No request for an extension of the expired deadline to submit plaintiff's expert reports was made at this time. Id.

On November 25, 2025, plaintiff for the first time identified plaintiff's treating osteopath/surgeon Joseph Weinstein, DO, as an expert witness. This disclosure was made 469 days after the expiration of the deadline to do so, 435 days after the disclosure of defendants initial defense/rebuttal expert, Dr. Bazos, and 130 days after the disclosure of defendants' further defense/rebuttal expert, Dr. Chernoff, as well as 4 days after plaintiff deposed Dr. Chernoff. The undersigned rejected plaintiff's untimely and insufficient disclosure of Dr. Weinstein on December 18, 2025.

Thereafter, on January 15, 2026, 520 days after the deadline to do so, 486 days after the disclosure of Dr. Bazos, 181 days after the disclosure of Dr. Chernoff, and 55 days after Dr. Chernoff's deposition, plaintiff identified and disclosed Barry Root, M.D., as an expert witness. Pursuant to the disclosure, Dr. Root is expected to opine on his examination of plaintiff, all of plaintiff's medical and diagnostic records, as well as life care plan report. On February 20, 2026, the undersigned rejected plaintiff's untimely disclosure of Dr. Root.

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides in pertinent part that "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence

5

on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." This rule "provides for the automatic exclusion of a witness who was not disclosed despite a party's duty to disclose." Grdinich v. Bradlees, 187 F.R.D. 77 (S.D.N.Y. 1999). Accordingly, courts may exclude testimony from experts where the untimeliness of the disclosure was not substantially justified. See Ebewo v. Martinez, 309 F.Supp 2d. 600 (S.D.N.Y 2004)(excluding expert affidavit from a previously unidentified expert witness that was produced one month after the close of discovery).

The deadline to exchange plaintiff's experts closed long before plaintiff served his purported disclosures, and therefore, plaintiff cannot claim that his non-compliance was substantially justified or harmless. See Ritchie Risk-Linked Strategies Trading (Ireland) Ltd. v. Coventry First, LLC, 280 F.R.D. 147 (S.D.N.Y. 2012). To establish that plaintiff's non-compliance was harmless, plaintiff would need to establish an absence of prejudice to defendants. See Williams v. County of Orange, 2005 U.S. Dist. LEXIS 46051 (S.D.N.Y. December 13, 2005). Plaintiff cannot do so, as defendants and defendants' experts were prevented from analyzing plaintiff's expert reports and deposing Dr. Weinstein and Dr. Root as plaintiff's experts and questioning them as to their expert opinions and conclusion. While defendants did depose Dr. Weinstein as plaintiff's treating physician, throughout the deposition, Dr.

6

Weinstein repeatedly refused to answer certain questions and/or testify to anything outside the contents of his medical records, including on issues of causation, as such was "expert" testimony and therefore, outside of his purview as a mere treating physician. See, Exhibit "D" at 26-30, 45, 55, 71-76, 78-81.

Furthermore, defendants have been denied the opportunity to obtain a rebuttal expert as the untimely disclosures of both Dr. Weinstein and Dr. Root were served well after defendants' rebuttal expert reports were exchanged. Defendants have been severely prejudiced by the inability to address plaintiff's proposed expert discovery before discovery ended. See Ritchie, 280 F.R.D. 147, 160 (S.D.N.Y. 2012).

## PLAINTIFF'S LATE DISCLOSURE WAS ALSO DEFICIENT

Plaintiff's purported belated disclosures failed to provide a list of all other cases in which the expert witnesses have testified as an expert at trial or by deposition within the preceding four years. In light of plaintiff's failure to provide the required information, Dr. Weinstein and Dr. Root should be precluded from offering any testimony in this matter. See Song v. Yao Bros. Group LP, 2012 U.S. Dist. LEXIS 62235 (S.D.N.Y. May 2, 2012).

Furthermore, with respect to Dr. Weinstein, plaintiff's expert disclosure failed to include a written report containing a complete statement of opinions and basis for such opinions. Indeed,

7

plaintiff's disclosure merely refers to Dr. Weinstein's medical records. However, this is insufficient, as based on Dr. Weinstein's own statements, expert testimony pertaining to issues of causation and, indeed, anything outside of the contents of his records, are outside his purview as a treating physician. Accordingly, with respect to any such testimony, Dr. Weinstein is to be considered an expert witness retained specifically for trial and must, therefore, comply with the provisions of F.R.C.P. 26(a)(2)(B), including the requirement to provide a written report. See Samuels v. City of New York, 2025 U.S.Dist. LEXIS 225021 (S.D.N.Y. November 14, 2025).

The law is clear that if a party desires to use expert testimony at trial, that party must comply with the strictures of Rule 26(a)(2) and must abide by court established deadlines. Fund Comm'n Serv., II, Inc. v. Westpac Banking Co., 1996 U.S.Dist. LEXIS 11937 *3 (S.D.N.Y. August 15, 1996). Plaintiff's purported expert disclosures did neither.

A disclosure is deficient if it fails to include any of the underlying conclusions on which the expert's ultimate opinions are based. See Giladi v. Strauch, 2001 U.S. Dist. LEXIS 4645, at *14(S.D.N.Y. April 16, 2001). It is also deficient if it fails to set forth a complete statement of the basis and reasons for the expert's opinions. Id. (citing St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd., 1996 U.S. Dist. LEXIS 19847

8

(S.D.N.Y. January 17, 1996)); see also Koppell v. New York State Bd. Of Elections, 97 F.Supp.2d 477 (S.D.N.Y. 2000). To date, plaintiff has not provided any report or summary of Dr. Weinstein's opinions other than his treating records, and therefore, plaintiff's disclosure is deficient. The "automatic sanction" for a violation of Rule 26(a) is preclusion. LaMarca v. United States, 31 F.Supp.2d 110, 122-23 (E.D.N.Y. 1998).

Moreover, plaintiff should be precluded from offering expert opinions contained in medical reports and treatment records with regards to causation, degree of future disability, and future medical costs, as these opinions extend beyond the treatment of plaintiff, and, may not be used to circumvent the expert disclosure requirements set forth in Fed. R. Civ. P. 26(a)(2)(B). See Reynolds v. Am. Airlines, Inc., 2017 U.S. Dist LEXIS 192822, at *17-18(E.D.N.Y. November 21, 2017).

Accordingly, it is respectfully submitted that both Dr. Weinstein and Dr. Root be precluded from offering expert testimony at trial of this matter. To the extent Dr. Weinstein may be permitted to testify at trial as plaintiff's treating physician, any such testimony must be strictly limited to the medical records and treatment of plaintiff.

Should the Court permit plaintiffs' egregiously late and prejudicial expert disclosures over defendants' objections, defendants respectfully request that the expert discovery deadline

be extended for an additional 90 days from the dates of such Order, to permit defendants sufficient time to retain relevant experts and obtain rebuttal reports, as well as conduct expert depositions.

Dated:    Hauppauge, New York
          March 11, 2026

Respectfully submitted,

SIMMONS JANNACE DELUCA, LLP

By:    _____
          Irina Feferman
Attorneys for Defendants
HOMEGOODS, INC. and THE TJX
COMPANIES, INC.
**Office & P.O. Address:**
43 Corporate Drive
Hauppauge, New York 11788
(631) 873-4888

10